Public Service Commission,  } No. 3432.
    June 25, 1943.

CLAREMONT GAS LIGHT COMPANY *v.* MONADNOCK MILLS, INC.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Demond, Sulloway, Piper & Jones* (*Mr. Franklin Hollis* orally), for the defendant.

MARBLE, J.   Service to the public without discrimination is one of the distinguishing characteristics of a public utility (*Dover &c. Ry. Co.* v. *Wentworth*, 84 N. H. 258, 260), and, except as modified by statute, it is the general rule that unless a person has publicly pro-

fessed his readiness to perform a particular service he is under no duty to render that service to all who request it. *Faucher* v. *Wilson*, 68 N. H. 338, 339, and cases cited; *Milford Quarry &c. Co.* v. *Railroad*, 84 N. H. 407, 410, 411. The term "public utility" is defined by statute in this jurisdiction to include every corporation "owning, operating or managing any plant or equipment or any part of the same for the conveyance of telephone or telegraph messages or for the manufacture or furnishing of light, heat, power or water for the public, or in the generation, transmission or sale of electricity ultimately sold to the public." R. L., *c.* 285, *s.* 4. Various other enterprises embraced in the statutory definition have no relation to the present controversy.

The defendant's charter does not authorize it to engage in the business of a public utility nor confer upon it the power of eminent domain. The defendant does not operate "any plant or equipment or any part of the same" for the manufacture of gas "for the public." The steam which it generates is furnished the plaintiff company, on which alone devolves the duty of public service. The defendant has never undertaken generally to furnish steam at reasonable rates to all who apply therefor, but such service as it may have rendered has been "purely voluntary" (*Milford Quarry &c. Co.* v. *Railroad*, 84 N. H. 407, 411) and "at prices fixed in each case by special contract" (*Faucher* v. *Wilson*, 68 N. H. 338, 339).

The statutory provision relating to "the generation, transmission or sale of electricity ultimately sold to the public" having reference to electricity only, is not to be inferentially extended to the other services subject to Commission control. See *Vidal* v. *Errol*, 86 N. H. 1, 6; *Howe* v. *Howe*, 87 N. H. 338, 341; *State* v. *Railroad*, 89 N. H. 59, 61; *State* v. *Goonan*, 89 N. H. 528, 529; *Bowdler* v. *Company*, 90 N. H. 68, 72. But even if it were so extended, it would not apply to the present situation, since the steam which the defendant generates is not ultimately sold to the public and no gas is manufactured by the defendant at all.

Many of the decisions on which the plaintiff relies depend upon the interpretation of particular statutes and are concerned with companies engaged in the transportation and sale of natural gas for resale to the public. In none of these cases are the material facts at all analogous to those here existing.

Nor do the circumstances of the present case bear out the plaintiff's contention that the defendant by "its participation in the

manufacture of gas" dedicated its property to a public use.   Until 1932 it was engaged in the manufacture of textiles.   It furnished no gas to the plaintiff after 1905, and the agreement under which it had supplied gas up to that time contained a reservation of the right to satisfy its own requirements first.   The steam plant constructed in 1911 served the defendant's own needs as well as those of the plaintiff, and there is nothing in the agreed facts which warrants the inference that in leasing the plant to the plaintiff in 1932 or in resuming operations in 1935 the defendant recognized an "obligation to Claremont Gas Light Company and the gas-consuming public." The dedication of property to a public service "is never presumed without evidence of unequivocal intention."   43 Am. Jur. 572. See also, *Wason* v. *Nashua*, 85 N. H. 192, 200; *Whitcher* v. *State*, 87 N. H. 405, 412.   No such intention is here disclosed.

The question transferred for decision is answered in the negative.

*Petition dismissed.*

All concurred.